UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRED ALSTON, as a Trustee of THE LOCAL
272 LABOR-MANAGEMENT PENSION FUND;
FRED ALSTON, as a Trustee of THE LOCAL
272 WELFARE FUND,

        Plaintiffs,                    **<u>MEMORANDUM AND ORDER</u>**
                                       12 CV 2676 (DRH) (GRB)

       -against-

1749-1753 FIRST AVENUE GARAGE CORP.,

        Defendant.
------------------------------------------------------------X
**APPEARANCES:**

**JEFFREY S. DUBIN, P.C.**
Attorneys for Plaintiffs
464 New York Avenue, Suite 100
Huntington, New York 11743
By:    Jeffrey S. Dubin, Esq.

**NICOLE M. CARDIELLO, ESQ., P.C.**
Attorneys for Defendant
66A Medford Avenue
Patchogue, New York 11772
By:    Marc A. Kramer, Esq.


**HURLEY, Senior District Judge:**

       Fred Alston, as a Trustee of the Local 272 Labor-Management Pension Fund and the

Local 272 Welfare Fund (collectively, "plaintiffs" or the "Funds"), commenced this action

against 1749-1753 First Avenue Garage Corp. ("defendant" or "First Avenue") to recover

delinquent contributions allegedly owed under Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145.

Presently before the Court is defendant's motion to dismiss the Complaint pursuant to Federal

Rule of Civil Procedure ("Rule") 12(b)(6) on the grounds that the action is barred by the doctrine

of laches or, alternatively, partially dismissible under the applicable collective bargaining agreement.  For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

The following facts are drawn from the allegations contained in the Complaint and are assumed to be true for purposes of this motion.

The Funds are employee benefit plans and Fred Alston is a fiduciary to the Funds. (Compl. ¶ 2.)  First Avenue entered into a contract which provided for contributions to be made by it to the Funds based on the hours worked by participants it employed.  (*Id.* ¶ 7.)  Pursuant to the contract, defendant was required to make contributions for the period running from January 1, 2007 through December 31, 2011 (*Id.* ¶ 10.)  According to plaintiffs, First Avenue failed to make the required contributions.  (*Id.* ¶¶ 12-15.)

## DISCUSSION

### I.  *Legal Standard*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).  First, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Twombly*, 550 U.S. at 561 (quoting *Conley*, 355 U.S. at 45-46).  Instead, to survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true.

*Id.* at 555 (internal quotation marks, citations, and alterations omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Supreme Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see also Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010) ("[A] complaint must contain factual allegations to support the legal conclusions and the factual allegations must plausibly

give rise to an entitlement of relief.") (internal quotation marks omitted).

**II.      _Consideration of Matters Extraneous to the Complaint_**

As a threshold matter, the Court must first determine what documents may properly be considered as both parties presented materials beyond the Complaint in connection with this motion.  First Avenue submitted the following documents: (1) a collective bargaining agreement dated March 6, 2004, between the Garage Employees Union Local 272 ("Local 272") and Metropolitan Parking Association (hereafter, the "CBA"); (2) Monthly Employer Contribution Reports from defendant for the period February 2007 to August 2007; (3) a one-page document entitled "Shop File Maintenance;" (4) an Estimated Damage Calculation Chart created by defendant; (5) the Local 272 Welfare Fund Summary Plan Description; (5) a September 5, 2012 affidavit from defendant's President, David Leichter, with a letter from Local 272 to defendant annexed to the affidavit; and (6) a second affidavit from David Leichter dated October 17, 2012. In addition, the Funds filed (1) an October 4, 2012 declaration from Matthew Bruccoleri, an officer of Local 272, with a copy of an Audit Report annexed to the declaration; and (2) an October 4, 2012 declaration from Maria Banchs who serves as the assistant fund manager of Local 272.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." _DiFolco v. MSNBC Cable L.L.C._, 622 F.3d 104, 111 (2d Cir. 2010); _accord Roth v. Jennings_, 489 F.3d 499, 509 (2d Cir. 2007).  "Where a document is not incorporated by reference, the court may neverless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint.  _DiFolco_, 622 F.3d at 111 (quoting

*Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

In this case, no exhibits are attached to the Complaint, and the only document incorporated by reference is an unidentified "contract" which obligated defendants to provide contributions to the Funds.[1] (Compl. ¶ 7.) Plaintiffs identify in their opposition papers that the contract – or, more aptly, contracts – on which they predicate their claim were the Monthly Employer Contribution Reports and the CBA. (Pls.' Opp'n at 3-4.) Even if these documents were considered not to be incorporated by reference in the Complaint, it is clear that their "terms and effects" were relied upon by plaintiffs in the drafting of the Complaint. The same cannot be said for the other submitted documents as there is no indication, from the Complaint itself or the parties, that they were heavily relied upon in formulating the Complaint.[2] It is also "improper for a court to consider declarations and affidavits on a motion to dismiss." *Novie v. Vill. of Montebello*, 2012 WL 3542222, at *9 (S.D.N.Y. Aug. 16, 2012) (citing cases); *see also Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (holding that in connection with a Rule 12(b)(6) motion to dismiss, "a district court errs when it considers affidavits and exhibits submitted by defendants.") (internal quotation marks, citation, and brackets omitted); *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 414 n.52 (S.D.N.Y. 2009) (rejecting "declaration and an affidavit containing additional details" as such documents were "not

---

[1]     Although there is also reference to an "Agreement and Declaration of Trust" in the Complaint, neither party relies or even refers to this document in their papers as the basis for obligating defendant to make contributions to the Funds.

[2]     The only exception would be the Audit that was annexed to the Bruccoleri Declaration as it reflects the exact amount of money demanded by plaintiffs in the Complaint. The consideration of this document, however, is not necessary in deciding the present motion.

properly before the court on a motion to dismiss"). Therefore, for purposes of deciding the instant Rule 12(b)(6) motion, the Court will only consider the CBA and the Monthly Employer Contribution Reports in addition to the Complaint.

Finally, First Avenue raises the option of converting the instant motion to one for summary judgment under Rule 12(d). Although courts have the authority under Rule 12(d) to convert a Rule 12(b)(6) motion into a motion for summary judgment when matters extraneous to a complaint are presented, "a district court is not obliged to convert a 12(b)(6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside the complaint in support of a 12(b)(6) motion." *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 450 (E.D.N.Y. 2007); *see also Abbey v. 3F Therapeutics, Inc.*, 2009 WL 4333819, at *5 (S.D.N.Y. Dec. 2, 2009) (noting that a district court enjoys "complete discretion" over the decision to convert a Rule 12(b)(6) motion into a motion for summary judgment). As will be discussed *infra,* the two arguments presented by defendant for the dismissal of this action are both fact-intensive. The submitted affidavits and declarations from key witnesses are not equal replacements for depositions and other discovery. Thus, in exercising its discretion, the Court declines to convert defendant's motion into one for summary judgment.

## III.     ***Defendant's Motion to Dismiss***

First Avenue proffers two arguments to support its motion. First, defendant maintains that the asserted claims are barred by the doctrine of laches as the Funds unreasonably delayed initiating this lawsuit causing defendant to suffer prejudice. (*See* Def.'s Mem. at 4-6). Second, even if unsuccessful in dismissing the entire Complaint, defendant alleges that the Funds' claims should not include purported unpaid contributions from March 6, 2009 to December 31, 2011 as

defendant was not bound by the CBA during this time.  (*See* Def.'s Mem. at 1-4.)  Each argument will be addressed in turn.

### A.    The Doctrine of Laches

Laches is an equitable defense that applies when "a plaintiff unreasonably delayed in initiating an action and a defendant was prejudiced by the delay."  *Robins Island Preservation Fund, Inc. v. Southold Dev. Corp.*, 959 F.2d 409, 423 (2d Cir. 1992).  Contrary to plaintiffs' contention that "[c]ases involving delinquent contribution[] suits under 29 U.S.C. § 1145 demonstrate that the Funds are not chargeable with laches" (Pls.' Opp'n at 12), laches is recognized as an applicable defense in delinquent contribution cases under Section 515 of ERISA, codified at 29 U.S.C. § 1145.[3]  *See Trs. of Local 813 Ins. Trust Fund v. Wilner's Livery Serv., Inc.*, 2012 WL 4327070 at *6 (E.D.N.Y. Sept. 19, 2012) ("[C]ourts have recognized that affirmative defenses [such as the doctrine of laches], which focus on the actions of the Funds as opposed to the formation and enforcement of the CBA, may not be foreclosed under section 515."); *see also Operating Eng'rs. Local 324 Health Care Plan v. G & W Constr. Co.*, 2011 WL 6739296, at *4 (E.D. Mich. Dec. 22, 2011) (noting that "[p]laintiffs d[id] not cite conclusive authority that the equitable defenses of estoppel, laches and waiver are not available in an ERISA collection case").  Moreover, and contrary to defendant's contention that "the burden is on [p]laintiff to show why the laches defense ought not be applied" (Def.'s Mem. at 4), the burden lies with the party claiming the defense as laches is an affirmative defense.  *See, e.g.*, *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 192 (2d Cir. 1996) ("In order to prevail on the affirmative defense of laches, a defendant must prove that it has been prejudiced by the

---

[3]    The case *Teamsters and Employers Welfare Trust Illinois v. Gorman Bros. Ready Mix*, 283 F.3d 877 (7th Cir. 2002) does not support the proposition plaintiffs posit, namely that laches is inapplicable in delinquent contribution cases.  The defense of laches failed in that case not because ERISA barred the doctrine of laches, but because the defendant simply failed to prove each element of the defense.  *Gorman Bros.*, 283 F.3d at 883-85.

plaintiff's unreasonable delay in bringing the action."); *Metso Minerals, Inc. v. Powerscreen Int'l Distribution Ltd.*, 833 F. Supp. 2d 321, 327 (E.D.N.Y. 2011) ("To demonstrate laches, the defendant must prove by a preponderance of the evidence: (1) unreasonable and inexcusable delay in filing suit, and (2) material prejudice resulting from the delay.").

In any event, the Court agrees with plaintiffs that "at this stage of the litigation [defendant] is not able to prove that the Funds did not bring this action 'as soon as practicable.'" (Pls.' Mem. at 14.)  "The defense of laches is an affirmative defense which 'properly should be raised in the defendant's answer and not upon a motion to dismiss.'"  *State Farm Mut. Auto. Ins. Co. v. Kalika*, 2006 WL 6176152, at *8 (E.D.N.Y. Mar. 16, 2006) (quoting *Karlen v. N.Y. Univ.*, 464 F. Supp. 704, 708 (S.D.N.Y. 1979)).  Indeed, "a ruling on the defendant's defense of laches would necessarily involve a fact-intensive analysis and balancing of equities that would require the Court to consider matters outside of the pleadings that are in dispute."  *Lennon v. Seaman*, 63 F. Supp. 2d 428, 439 (S.D.N.Y. 1999).  Here, defendant states in conclusory fashion that "[t]his Court can and should determine that [p]laintiffs' multi-year delay in seeking the relief herein is *per se* unreasonable and inexcusable."  (Def.'s Mem. at 5.)  This contention, which attempts to set a *per se* rule of unreasonableness based on an unidentified passage of time before initiating an action, is not supported with a single citation.  To determine whether plaintiffs' delay in initiating this action was unreasonable and whether defendant was prejudiced by this delay would necessitate the consideration of factual circumstances beyond the Complaint, an improper action at this stage of the litigation.  Therefore, defendant's request to dismiss this action pursuant to an affirmative defense of laches is denied as premature.

### B.    The CBA

As an alternative to complete dismissal, First Avenue contends that plaintiffs' claims

from March 6, 2009 to December 31, 2011 should be dismissed as the CBA expired on March 5,

2009.  As an initial matter, First Avenue acknowledges that it "agreed to be bound to the terms

of the CBA."  (Def.'s Mem. at 2.) This agreement stems from defendant executing the Monthly

Employer Contribution Reports which, in turn, indicate that the "contributor hereby adopts

current Local 272 Contract."  (Kramer Aff., Ex. D.)  Defendant, however, claims that any

contribution obligations it had to the Funds terminated as of March 5, 2009.  This contention

arises out of Article XXVI of the CBA, which states in relevant part:

> 1.    Except as otherwise specifically indicated, this Agreement
> shall remain in full force and effect from 12:00 A.M. on
> March 6, 2004 through 11:59 P.M. on March 5, 2009.
>
> 2.    In the event that either party should desire to terminate or
> modify this Agreement at this expiration date, it shall give
> notice to the other party in writing at least sixty (60) days
> prior to the expiration date thereof and negotiations for a
> new agreement shall commence as soon thereafter as is
> practicable.

(Kramer Aff., Ex. A at 37.)  Relying on Paragraph 2 of Article XXVI, it is plaintiffs' view that

because "[n]either party ever gave notice in writing of a desire to terminate or modify the

Agreement," the CBA "is still in full force and effect."  (Pls.' Opp'n at 4.)  Defendant counters

that the language of Paragraph 1 indicates that the CBA terminated on a "date/time certain," and

that the "Court should not determine that the contract automatically extended past the

unequivocal termination at 11:59 P.M. on March 5, 2009."  (Def.'s Mem. at 3.)

"Under New York law, the presence or absence of ambiguity is determined by looking

within the four corners of the document, without reference to extrinsic evidence."  *Chapman v.

N.Y. State Div. for Youth*, 546 F.3d 230, 236 (2d Cir. 2008).  Ambiguity "is defined in terms of

whether a reasonably intelligent person viewing the contract objectively could interpret the language in more than one way." *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008). After reviewing Article XXVI of the CBA, the Court concludes that the parties offer reasonable yet conflicting interpretations of when defendant's contribution obligations ceased.

While contract ambiguities can be resolved either at trial or on summary judgment since extrinsic evidence can be offered to resolve the ambiguity, s*ee, e.g.*, *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 232 F.3d 153, 158 (2d Cir. 2000), it is not proper to do so on a motion to dismiss, *see Bank of New York Trust, N.A. v. Franklin Advisors, Inc.*, 522 F. Supp. 2d 632, 637 (S.D.N.Y. 2007) ("The Court's role on a 12(b)(6) motion to dismiss is not to resolve contract ambiguities."); *see also Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (holding that at the Rule 12(b)(6) procedural stage, "we should resolve any contractual ambiguities in favor of the plaintiff"); *Aleo v. Keyspan Corp.*, 2006 WL 2265306, at *6 (E.D.N.Y. Aug. 7, 2006) ("Although extrinsic evidence may later shed light on the meaning of the language, the ambiguity is sufficient for the court to conclude that plaintiffs have validly stated a claim."). Therefore, while First Avenue may ultimately be correct that it was not obligated to make contributions to the Funds beyond March 5, 2009, it is premature at this stage of the litigation to determine the validity of plaintiffs' claims from March 6, 2009 to December 31, 2011.

## *CONCLUSION*

For the reasons set forth above, defendant's motion to dismiss is denied. This action is respectfully referred to Magistrate Judge Brown for discovery and pretrial supervision.

**SO ORDERED.**

Dated: Central Islip, New York
       July 2, 2013

_____/s/_____
Denis R. Hurley
Unites States District Judge